## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*what essential to preserve questions for review.* Where no statement of facts, stenographic report or bill of exceptions was tendered or presented to the trial court to preserve a petition to vacate a judgment in the Municipal Court, or any evidence that might have been heard by the court in considering the petition, or its action on the petition, there remains nothing of record for review by an Appellate Court.

2. APPEAL AND ERROR, § 800*—*when motion must be incorporated in the bill of exceptions.* A clerk of a court of record cannot make a written motion part of the record by copying it into the transcript.

3. APPEAL AND ERROR, § 800*—*what must be incorporated in the bill of exceptions.* A motion upon a petition to vacate a judgment does not become a part of the record for the purpose of error or appeal unless it is made so by the bill of exceptions.

4. MUNICIPAL COURT OF CHICAGO, § 5*—*when judicial notice will not be taken of the rules by an Appellate Court.* The Appellate Court cannot judicially know what the rules of the Municipal Court of Chicago require.

---

## Anton Waitkus, Appellee, v. Anton Olszewski, Appellant.

### Gen. No. 19,736. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914. Rehearing denied October 27, 1914.

## Statement of the Case.

Action by Anton Waitkus against Anton Olszewski upon the common counts to recover the value of labor and materials furnished in connection with a building owned by the defendant. Judgment was entered against the defendant, who appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

F. P. BRADCHULIS and EDGAR A. JONAS, for appellant; EDWARD J. HESS, of counsel.

FOREST GARFIELD SMITH, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 24*—*right to recover under common counts.* Where, after a part of work agreed to be done under a special contract had been performed, there arose some difficulty out of plaintiff's relations with a labor union because of which plaintiff was not permitted by the owner of the building to continue with the work, the plaintiff may treat the contract as rescinded and declare on the common counts and recover the value of his labor and of materials furnished.

2. ASSUMPSIT, ACTION OF, § 71*—*when recovery cannot be based on contract price.* A recovery cannot be had under the common counts for the contract price of labor and materials, but only for the actual value of the work done and the materials furnished.

3. BUILDING AND CONSTRUCTION CONTRACTS, § 57*—*when provisions in contract as to architect's certificate may be disregarded.* Where the plaintiff may treat a special contract to furnish labor and material on a building as rescinded because of the owner's refusal to permit him to continue with the work, a provision in the contract for payment upon the architect's furnishing a certificate should be disregarded.

## George H. Mead, trading as The George H. Mead Agency, Appellee, v. Chicago and Northwestern Railway Company, Appellant.

## Gen. No. 19,763.

1. PAYMENT, § 1*—*when contract becomes payable in money.* Where a railroad company orally contracted for advertising to be paid for in passenger transportation and thereafter a statute was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.